IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AJ'S NIFTY PRODUCTS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Case No.: 1:24-cv-02375<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge M. David Weisman<br><br>JURY TRIAL DEMAND |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff AJ's Nifty Products, ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction (the "Motion") against the against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Amended Schedule A to the Verified Complaint and attached hereto (collectively, "Defendants") and the online marketplace accounts identified in Amended Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in its entirety and states as follows:

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered April 30, 2024, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Plaintiff's federally registered patent, U.S. Patent No. 11,445,840 ("Plaintiff's Patent") to residents of Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation against Defendants and that issuing this Preliminary Injunction against Defendants is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of: (A) patent infringement because (1) Plaintiff's Patents are valid patents registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use, manufacture, or sell any product embodying the Plaintiff's Patents, and (3) Defendants' use, manufacture, and/or sale of the Plaintiff's Patent infringes upon Plaintiff's rights in the Plaintiff's Patents; (B) unjust enrichment under Illinois common law because (1) Defendants have been enriched and Plaintiff has been impoverished due to Defendants actions, including trading upon the reputation, good will, research, and/or development of Plaintiff's Products and eroding Plaintiff's prices and market share and disrupting its marketing strategies, (2) there was no justification for Defendants' actions, and (3) there is no adequate remedy at law; and (C) unfair

competition under Illinois common law because Plaintiff has demonstrated that Defendants' activities siphon Plaintiff's market share and disruption of its online marketing strategies, including by drawing online traffic away from Plaintiff's Products to Unauthorized Products sold by Defendants. Furthermore, Defendants continued and unauthorized use of the Plaintiff's Patent irreparably harms Plaintiff through loss of exclusivity, market share, and loss of current and future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. making, using, importing, offering for sale, or selling products that infringe upon Plaintiff's Patent, including the products described in the Verified Complaint and its accompanying exhibits and those available at or under the accused product URLs, ASINs, and/or Product IDs listed in Amended Schedule A to the Verified Complaint and attached hereto, and/or colorable imitations thereof, including any other products which embody any of the Claims of the Plaintiff's Patent, in any matter;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale that is protected under the Plaintiff's Patent;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody any of the Claims of the Plaintiff's Patent.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") and Walmart, Inc. ("Walmart") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial

accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal, Inc. ("PayPal"), Payoneer Global, Inc. ("Payoneer"), and Walmart (collectively, the "Third-Party Providers"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which embody any of the Claims of the Plaintiff's Patent.

5. Any Third-Party Providers, including Amazon, PayPal, Payoneer, and Walmart shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Individuals and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. The unredacted copy of the Verified Complaint [5], Schedule A to the Verified Complaint [5-1], Exhibit 1 to the Verified Complaint [5-2], Exhibit 2 to the Verified Complaint [5-3], Exhibit 3 to the Verified Complaint [5-4], Exhibit 7 to the Verified Complaint [5-5], the Notice of Claims [5-6], Amended Schedule A to the Verified Complaint [17], Amended Exhibit 3 to the Verified Complaint [17-1] Exhibit 7 to the Verified Complaint [17-2] and the TRO [18] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules.

9. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Sharon Johnson Coleman
United States District Judge

Dated: 5/29/2024

**AJ's Nifty Prodcuts v. The Individuals et al NDIL 1:24-cv-02375**

**Schedule A**

| Def. # | Merchant Alias | Merchant ID | Product IDs | Platform |
|---|---|---|---|---|
| 1 | PIPIXIA-US | AVSAZ21XZJGMM | B0B6VKJSJN | Amazon |
| 2 | FaYaCa US | A1EFP1VHW408HJ | B0CH1F29HT | Amazon |
| 3 | JWDX | 101523224 | 5285549517 | Walmart |
| 4 | DiManFeng Inc | 101220832 | 5106400957 | Walmart |
| 5 | Hanzidakd Clothing | 101206582 | 5216021080 | Walmart |
| 6 | Sunhillsgrace.Co. Ltd | 101225422 | 5356718685<br>5356768556 | Walmart |
| 7 | duohahaa | 101294110 | 5275926664 | Walmart |
| 8 | FNGZ | 101348753 | 5309872548 | Walmart |
| 9 | Zainafacai | 101517237 | 5434404034 | Walmart |
| 10 | Ywlanda | 101197760 | 5122368953<br>5127305445<br>5098639901 | Walmart |
| 11 | MK Trading Co. LTD | 101259816 | 5297648339<br>5238571470 | Walmart |